UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

CAROLYN P. HALEY                                                     CIVIL ACTION

VERSUS                                                                      16-224-SDD-RLB

THE HOSPITAL SERVICE DISTRICT OF
WEST FELICIANA PARISH, LOUISIANA
AND THE BOARD OF COMMISSIONERS
OF THE HOSPITAL SERVICE DISTRICT
OF WEST FELICIANA

## RULING

This matter is before the Court on the *Motion to Dismiss for Failure to State a Claim*[1] filed by Defendants, The Hospital Service District of West Feliciana Parish, Louisiana and the Board of Commissioners of the Hospital Service District of West Feliciana ("Defendants"). Plaintiff, Carolyn Haley ("Plaintiff"), filed an *Opposition*[2] to which Defendants filed a *Reply*,[3] and Plaintiff filed a *Sur-Reply*.[4] For the following reasons, the motion will be granted in part and denied in part.

### I.     FACTUAL BACKGROUND[5]

Plaintiff, an African-American, was hired in April of 2010 as a staff registered nurse by the West Feliciana Parish Hospital ("Hospital"). Her starting salary was $25 an hour and, by October of 2014, Plaintiff alleges she was paid $28.78 an hour. Plaintiff worked as a registered nurse for over 34 years and holds two Masters' degrees.

---

[1] Rec. Doc. 10.
[2] Rec. Doc. 17.
[3] Rec. Doc. 18.
[4] Rec. Doc. 21.
[5] The Court bases the factual background on Rec. Doc. 1.
37591

In June of 2013, Defendants hired a male Caucasian nurse, who held a bachelor's degree and 10 years of experience, at a rate of $28 an hour, and he was later allegedly given a raise to $28.50 an hour within his first year of employment. Defendants also hired a female Caucasian nurse who was given a raise in her first year of employment, but Plaintiff alleges she "was told that she could not receive a raise within her first year of employment."[6]

Around December 9, 2013, Plaintiff expressed her interest in the positions of Compliance Officer, Utilization Review, Infection Control, and Employee Health Nurse Supervisor at the Hospital to the CEO of the Hospital, Lee Chastant ("Chastant"). Chastant assigned one of the open positions to a Caucasian female who had a respiratory therapy background and allegedly less education and credentials than Plaintiff. Plaintiff protested the denial of her appointment to the position arguing the decision was racially motivated.

Plaintiff alleges that, at all times while employed at the Hospital, she was paid less than Caucasian employees of the Hospital although she allegedly had more qualifications and experience than her Caucasian counterparts. Plaintiff also claims that she was subjected to racial harassment consisting of, but not limited to: derogatory statements regarding African-Americans; comments that African-Americans "need to know their place;" placing Plaintiff as the head of housekeeping "because she can relate"[7] as all the employees in housekeeping are African-American; and Caucasian nurses refusing to treat African-American patients.

---

[6] Rec. Doc. 1, p. 2.
[7] *Id*. at p. 3.
37591

On January 14, 2014, Plaintiff met with the former Director of Nursing at the Hospital, Kathleen Ford ("Ford"), to discuss the discrimination in her pay. Ford allegedly told Plaintiff that, before each nurse was hired, the nurse met with Kevin Mulligan ("Mulligan"), the Human Resource Consultant at the Hospital, and each employee's salary was based on a formula. Plaintiff requested information about this the formula on multiple occasions, but the Hospital provided no such information.

On April 8, 2014, the nursing department had a meeting wherein Chastant stated that five positions would be posted for all interested employees per Hospital policy. Plaintiff emailed Defendants on May 28, 2014 about the positions discussed in the April 8, 2014 meeting because they had not been posted. Plaintiff also filed a written complaint of racial and age-based discriminatory pay and denial of promotions with Chastant on May 28, 2014. Plaintiff claims she repeatedly asked Defendants to address her complaints, but Defendants rejected her complaints. On June 3, 2014, Plaintiff filed another complaint with Defendants concerning the job opportunities posted that year which Plaintiff claims she was qualified for, to no avail.

Plaintiff and Chastant met on July 2, 2014, and Plaintiff again protested the illegal discrimination and asked for salary information on Caucasian nurses. In this meeting, Chastant allegedly said "that promotions were made according 'to the landscape.'"[8] Plaintiff argues that this statement referred "to the races replacing other, i.e., white with a white."[9]

---

[8] *Id.* at p. 5.
[9] *Id.*
37591

On August 12, 2014, a member of the Board met with Judy Jones ("Jones"), a nurse, and allegedly told Jones that promotions were not given to Plaintiff and others "because of race, and to file a written complaint with the Board, and make sure that press was there for the Board meeting."[10]

Plaintiff and other African-American nurses presented their complaints of racism to the Board on August 21, 2014. At this meeting, Plaintiff, along with another African-American nurse, provided each member of the Board with emails and correspondence regarding their complaints of racism, "to no avail."[11] Plaintiff alleges that, on September 17, 2014, she filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") and the Louisiana Commission on Human Rights ("LCHR").

Plaintiff spoke with Chastant on October 21, 2014 regarding nursing staff shortages. Plaintiff told several employees of the Hospital that a staff nurse was required to work 24 hours straight without a break.

On November 24, 2014, Plaintiff discovered that a female Caucasian nurse was hired for a position which Plaintiff had applied for in September of 2014. According to Plaintiff, the nurse in question had far inferior qualifications, and Plaintiff filed a complaint with the Defendants objecting to the denial of her promotion, as she believes it was racially motivated.

Due to a staff shortage at the Hospital, agency nurses were hired. On January 20, 2015, Plaintiff filed a formal complaint with the Department of Health and Hospitals ("DHH") alleging violations of Louisiana law. Plaintiff met with the Hospital Compliance

---

[10] *Id.*
[11] *Id.* at p. 6.
37591

Officer and the Hospital payroll director.  In this meeting, Plaintiff was allegedly informed that she would not be paid for her call back pay over Thanksgiving Day and the Thanksgiving holiday weekend in 2014.  Plaintiff alleges that the Hospital paid up to $93.93 an hour to agency nurses to work during the holiday pay period.

Plaintiff claims that the new Director of Nursing for the Hospital and Chastant informed her that they would have to "part company."[12]  When Plaintiff questioned why she was being fired, Chastant allegedly informed her it was because she requested call back pay regarding November of 2014.  Plaintiff advised Chastant that he had refused the call back pay in question months before, to which Plaintiff claims "Chastant admitted that he was aware, but it was in violation of the policy."[13]

Plaintiff filed this *Complaint*[14] on April 8, 2016 alleging that Defendants violated Title VII of the Civil Rights Act of 1964[15] and Louisiana Revised Statute 23:301, *et seq*. On May 6, 2015, Plaintiff filed an *Amended Complaint*[16] to include her Notice of Right to Sue from the EEOC, and she "reiterate[ed] and re-allege[ed] all allegations contained in her original *Complaint* as if quoted herein in their entirety including her request for trial by jury."[17]  Defendants have filed a *Motion to Dismiss* Plaintiff's claims.

---

[12] *Id*. at p. 7.
[13] *Id*.
[14] Rec. Doc. 1.
[15] 42 U.S.C. § 2000(e).
[16] Rec. Doc. 7.
[17] *Id*. at. p. 1.
37591

## II. LAW AND ANALYSIS

### A. Motion to Dismiss Under Rule 12(b)(6)

When deciding a Rule 12(b)(6) motion to dismiss, "[t]he 'court accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff.'"[18] The Court may consider "the complaint, its proper attachments, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice."[19] "To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead 'enough facts to state a claim to relief that is plausible on its face.'"[20] In *Twombly*, the United States Supreme Court set forth the basic criteria necessary for a complaint to survive a Rule 12(b)(6) motion to dismiss. "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."[21] A complaint is also insufficient if it merely "tenders 'naked assertion[s]' devoid of 'further factual enhancement.'"[22] However, "[a] claim has facial plausibility when the plaintiff pleads the factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[23] In order to satisfy the plausibility standard, the plaintiff must show "more than

---

[18] *In re Katrina Canal Breaches Litigation*, 495 F.3d 191, 205 (5th Cir. 2007)(quoting *Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit,* 369 F.3d 464, 467 (5th Cir. 2004)).
[19] *Randall D. Wolcott, M.D., P.A. v. Sebelius*, 635 F.3d 757, 763 (5th Cir. 2011) (quoting *Dorsey v. Portfolio Equities, Inc.*, 540 F.3d 333, 338 (5th Cir. 2008)).
[20] *In re Katrina Canal Breaches Litigation*, 495 F.3d at 205 (quoting *Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit,* 369 F.3d at 467).
[21] *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations and brackets omitted) (hereinafter *Twombly*).
[22] *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009) (internal citations omitted) (hereinafter "*Iqbal*").
[23] *Twombly*, 550 U.S. at 570.
37591

a sheer possibility that the defendant has acted unlawfully."[24] "Furthermore, while the court must accept well-pleaded facts as true, it will not 'strain to find inferences favorable to the plaintiff.'"[25] On a motion to dismiss, courts "are not bound to accept as true a legal conclusion couched as a factual allegation."[26]

### B. Motion to Dismiss Under Rule 12(b)(1)

"A motion to dismiss under Rule 12(b)(1) is analyzed under the same standard as a motion to dismiss under Rule 12(b)(6)."[27] Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, a complaint is subject to dismissal if a plaintiff fails "to state a claim upon which relief can be granted." "To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead 'enough facts to state a claim relief that is plausible on its face.'"[28] However, when ruling on a Rule 12(b)(1) motion, "the court is permitted to look at evidence in the record beyond simply those facts alleged in the complaint and its proper attachments."[29] Ultimately, a motion to dismiss for lack of subject matter jurisdiction should be granted only if it appears certain that the plaintiff cannot prove any set of facts in support of his claim which would entitle plaintiff to relief."[30]

### C. Prescription

Defendants argue that Plaintiff's "state and federal discrimination claims must be dismissed due to her failure to comply with certain judicial and statutory prerequisites

---

[24] *Iqbal*, 556 U.S. at 678.
[25] *Taha v. William Marsh Rice University*, 2012 WL 1576099 at *2 (quoting *Southland Sec. Corp. v. Inspire Ins. Solutions, Inc.*, 365 F.3d 353, 361 (5th Cir. 2004).
[26] *Twombly*, 550 U.S. at 556 (quoting *Papasan v. Allain*, 478 U.S. 265, 286, 106 S.Ct. 2932, 92 L.Ed.2d 209 (1986)).
[27] *Hall v. Louisiana, et. Al.*., 974 F.Supp.2d 978, 985 (M.D. La. Sep. 30, 2013)(citing *Benton v. U.S.*., 960 F.2d 19, 21 (5th Cir. 1998)).
[28] *Id.* (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).
[29] *Ambraco, Inc. v. Bossclip B.V.*, 570 F.3d 233, 238 (5th Cir. 2009).
[30] *Ramming*, 281 F.3d at 161 (citing *Home Builders Ass'n of Miss., Inc. v. City of Madison Miss.*, 143 F.3d 1006, 1010 (5th Cir. 1998)).
37591

required under both the LEDL and Title VII."[31]  In Defendants' *Reply*, they acknowledge that, "Under Title VII, a charge is timely filed when received by the EEOC, not when it is mailed to the EEOC."[32]

"When an employee discrimination claim is brought in a deferral state, an aggrieved employee must file a claim with the designated state agency of the EEOC within 300 days of the alleged unlawful employment action."[33] Plaintiff's EEOC "Charge of Discrimination" states that the earliest and latest date of discrimination was December 12, 2013.[34]  If the claim is filed within the 300 days, it is not prescribed.[35]  The Fifth Circuit in *Conner v. Louisiana Department of Health and Hospitals* held:

> This court has recognized that an intake questionnaire that informs the EEOC of the identity of the parties and describes the alleged discriminatory conduct in enough detail to enable the EEOC to issue an official notice of charge to the respondent is sufficient to set [ ] the administrative machinery in motion.[36]

It is undisputed that Plaintiff submitted an intake questionnaire to the EEOC.[37]  The issue before the Court is the date Plaintiff submitted her EEOC intake questionnaire.  Plaintiff argues that the intake questionnaire was submitted on September 17, 2014,[38] while

---

[31] Rec. Doc. 10-1, p. 4.
[32] Rec, Doc. 18, p. 2.
[33] *Kirkland v. Big Lots Store, Inc.*, 547 Fed.Appx. 570, 572-73 (5th Cir. 2013).(*See Nat'l R.R. Passenger Corp. v. Morgan,* 536 U.S. 101, 109, 122 S.Ct. 2061, 153 L.Ed.2d 106 (2002).
[34] Rec. Doc. 17-1, p. 25.
[35] *See Kirkland*, 547 Fed.Appx. at 572-73.
[36] 247 Fed. Appx. 480, 481 (5th Cir. 2007)(quoting *Price v. Southwestern Bell Tel. Co.*, 687 F.2d 74, 78 (5th Cir. 1982); *see also Edelman v. Lynchburg College*, 535 U.S. 106, 118-119, 122 S.Ct. 1145, 152 L.Ed. 188 (2002)(internal citations omitted).
[37] *See* Rec. Docs. 17, 18.
[38] Rec. Doc. 17, p. 5.
37591

Defendants claim that the intake questionnaire was "received by the EEOC at least by October 2, 2014, alleging sex, age and color discrimination."[39]

The Fifth Circuit in *Kirkland v. Big Lots Store Inc.* examined the question before the Court – what is the date that an EEOC intake questionnaire is deemed submitted for purposes of calculating the 300 day prescriptive period in Louisiana.[40] The plaintiff in *Kirkland*, like the Plaintiff in the present case,[41] argued that the EEOC intake questionnaire is submitted on the day it was mailed. In Ruling, the court stated:

> Mailing is not filing for purposes of Title VII. A claim is considered filed when it is *received* by the EEOC or the state agency responsible for the administration of complaints of employment discrimination. Accordingly, Kirkland's claim was not filed until it was received by the LCHR [Louisiana Commission on Human Rights] on May 6, 2010.[42]

Based upon the holding of the Fifth Circuit in *Kirkland*, Plaintiff's EEOC intake questionnaire will be deemed submitted on the date it was received by LCHR.[43]

Examining the EEOC documents provided, it is clear that the EEOC provided a letter dated October 8, 2014 wherein the EEOC "acknowledge[d] receipt of the above-numbered charge of employment discrimination."[44] As this is the date that the EEOC acknowledged receipt of Plaintiff's EEOC complaint, the Court finds Plaintiff's EEOC

---

[39] Rec. Doc. 18, p. 2. Defendants also acknowledge on Rec. Doc. 18, p. 2 that the EEOC received the charge on October 8, 2014.
[40] 547 Fed.Appx. at 572-73.
[41] Rec. Doc. 17, p. 5.
[42] *Kirkland*, 547 Fed.Appx. at 573.(quoting *Taylor v. Gen. Tel. Co. of Sw.*, 759 F.2d 437, 440 (5th Cir. 1985)(29 C.F.R. § 1601.13(a)(4)(2)(a)(A)(2010)).(emphasis original).
[43] The Court rejects Plaintiff's argument that the submission date is September 17, 2014 based upon the Supreme Court's decision in *Edelman v. Lynchburg College*, 535 U.S. 106, 122 S.Ct. 1145, 152 L.Ed.2d 188 (2002). *See* Rec. Doc. 17, pp. 4-5. Applying *Edelman* to the present case, it is clear that the submission date relates back to when the Plaintiff's EEOC intake questionnaire was "filed" with the EEOC. However, the Fifth Circuit in *Kirkland* clearly stated that an EEOC intake questionnaire is deemed "filed" in Louisiana when it is received by the LCHR. Accordingly, the Court deems Plaintiff's intake questionnaire "filed" on the date it was received by LCHR.
[44] Rec. Doc. 17-1, p. 19.
37591

complaint was filed on October 8, 2014. Therefore, as long as the Plaintiff's alleged discriminatory conduct occurred on or after December 12, 2013, her claim is not time barred. Per her EEOC charge, Plaintiff's first and last date of discrimination occurred on December 12, 2013.[45] Accordingly, Plaintiff's Title VII discrimination claim is not time barred as she filed her EEOC complaint within the 300 day prescriptive period required in Louisiana.[46]

For the above reasons, Defendants' *Motion to Dismiss* Plaintiff's Title VII discrimination claim as time barred is DENIED.

### D. Scope of Plaintiff's EEOC Charge

Defendants argue that Plaintiff's retaliation and harassment claims should be dismissed because "this Court lacks jurisdiction to consider Title VII claims where the aggrieved party, as Plaintiff, failed to exhaust her administrative remedies."[47] According to the Defendants, "Plaintiff's retaliation and harassment claims should be dismissed because she failed to exhaust her administrative remedies and did not include these claims in the scope of her EEOC Charge."[48]

In the EEOC Charge of Discrimination ("Charge") provided by Plaintiff, the box for retaliation is empty.[49] In the charge, the Plaintiff has clearly marked "discrimination based on: race, color, sex, and age."[50] Plaintiff argues she checked the box marked continuing action on the charge, and she may make a claim for "further discrimination, harassment,

---

[45] *See* Rec. Doc. 17-1, p. 25.
[46] The Court need not examine Plaintiff's continuing violation or Lilly Ledbetter arguments because her claim is not time barred.
[47] Rec. Doc. 10-1, p. 7, citing *Clayton v. Rumsfeld*, 106 Fed. Appx. 268, 271 (5th Cir. 2004).
[48] *Id.*
[49] Rec. Doc. 17-1, p. 25.
[50] *Id.*
37591

retaliation, culminating in her termination."[51] In her *Sur-Reply*, Plaintiff contends "it can reasonably be expected that the Plaintiff's claim of harassment and retaliation would grow out of her Charge."[52] Plaintiff relies on *Walls v. Mississippi State Department of Public Welfare* and *Pacheco v. Mineta* in support of this argument.[53]

Turning to the question of retaliation, the Court will apply the standard articulated by the Fifth Circuit in *Simmons-Myers v. Caesars Entertainment Corporation*.[54] The Court in *Simmons-Myers* applied the *Gupta* exception, "which does not require exhaustion for a retaliation claim growing out of an earlier EEOC charge."[55] Plaintiff argues that Defendants' retaliatory conduct grew out of her discrimination charge filed with the EEOC.[56] Ordinarily, Plaintiff would be required to "file a supplemental claim, or at the very least, amend her original EEOC charge"[57] for her retaliation claim to be properly before the Court. If, however, the alleged retaliatory conduct is not "the same inciting event,"[58] but retaliation growing out of an earlier charge, the Court retains ancillary jurisdiction over the retaliation charge.[59] Here, Plaintiff filed her charge of discrimination on October 8, 2014,[60] and was allegedly retaliated against, leading to her termination on February 25, 2015.[61] Per the timeline it is plausible that the alleged retaliatory conduct grew out of her EEOC Charge, thus, the Court will apply the *Gupta* exception to Plaintiff's retaliation claim and maintain ancillary jurisdiction over Plaintiff's retaliation claim.

---

[51] Rec. Doc. 17, *See* Rec. Doc. 17-1, p. 25.
[52] Rec. Doc. 21, p. 1.
[53] *Id.*, p. 1-2, *citing Walls*, 730 F.2d 306, 318 (5th Cir. 1984); *Pacheco*, 448 F.3d 783, 792 (5th Cir. 2006).
[54] 515 Fed.Appx. 269 (5th Cir. 2013).
[55] *Id.* at 272 (quoting *Gupta v. East Texas State University*, 654 F.2d 411, 414 (5th Cir. 1981)).
[56] Rec. Doc. 21, p. 1.
[57] *Simmons-Myers,* 515 Fed.Appx. at 273.
[58] *Id.* at 274.
[59] *See Gupta*, 654 F.2d at 414.
[60] Rec. Doc. 17-1, p. 19.
[61] Rec. Doc. 1, p. 7.
37591

Accordingly, Defendants' *Motion to Dismiss* Plaintiff's retaliation claim pursuant to FRCP 12(b)(1) is DENIED.

The remaining question before the Court is whether Plaintiff has exhausted administrative remedies on her harassment claim. While Plaintiff's *Complaint* contains allegations of retaliation, harassment, and discrimination,[62] the Charge contains only a claim of discrimination.[63] The Court in *Pacheco*, relying on *Fellows v. Universal Restaurants, Inc.* and *Fine v. GAF Chemical Corporation*, stated "this court interprets what is properly embraced in review of a Title – VII claim somewhat broadly, not solely by the scope of the administrative charge itself, but by the scope of the EEOC investigation which can reasonably be expected to grow out of the charge of discrimination."[64] Accordingly, the Court may "look slightly beyond [the charge's] four corners, to its substance rather than its label."[65]

The language contained in the "Particulars" portion of Plaintiff's charge clearly alleges that she was discriminated against by being denied promotional opportunities and being paid at a lower rate.[66] Absent, however, in the "Particulars" portion is any alleged harassment.[67] To allow Plaintiff's harassment claims to proceed "despite its loose fit with the administrative charge and investigation … is precluded if it would circumvent … agency efforts to secure voluntary compliance before a civil action is instituted."[68] Because the facts supporting Plaintiff's claim for harassment in her *Complaint* are

---

[62] Rec. Doc. 1, p. 8.
[63] Rec. Doc. 17-1, p. 25.
[64] 448 F.3d at 789.
[65] *Id.*
[66] Rec. Doc. 17-1, p. 25
[67] *Id.*
[68] *Id.*(quoting *Ong v. Cleland*, 642 F.2d 316, 319 (9th Cir. 1981)).
37591

separate incidents from the incidents of discrimination contained in her Charge,[69] the Court finds it plausible that Plaintiff's harassment claim "[grew] out of the charge of discrimination."[70] Accordingly, Defendants' *Motion to Dismiss* Plaintiff's harassment claim pursuant to FRCP 12(b)(1) is DENIED.

### E. Plaintiff's State Law Claims

Defendants argue that Plaintiff's Louisiana state law discrimination claim has prescribed, along with her claims for retaliation and harassment because they were never properly alleged.[71]  Louisiana Revised Statute 23: 303(C) states:

> A plaintiff who believes he or she has been discriminated against, and who intends to pursue court action shall give the person who has allegedly discriminated written notice of this fact at least thirty days before initiating court action, shall detail the alleged discrimination, and both parties shall make a good faith effort to resolved the dispute prior to initiating court action.[72]

Federal district courts in Louisiana "have held [that] the filing of an EEOC charge of discrimination satisfies the notice requirement [La. R.S. 303(c)], but limits the state claim to the alleged discrimination detailed in the EEOC charge…"[73]  As previously discussed, Plaintiff's EEOC charge was timely filed and is not time barred.  Defendants further argue that Plaintiff's state law claims for discrimination and retaliation should be dismissed as they were not contained in the EEOC charge which satisfies the notice requirement under La. R.S. 303(c).  For the reasons discussed above, the Court finds that Plaintiff's

---

[69] *See* Rec Docs. 1, 17-1, p. 25.
[70] *Pacheco*, 448 F.3d at 789.
[71] Rec. Doc. 10-1, 18.
[72] La. R. S. 23:303(C).
[73] *Johnson v. Hospital Corp. of America*, 767 F.Supp.2d 678, 700 (W.D. La. Feb. 11, 2011).(*See e.g., Johnson v. Harrah's Entertainment, Inc.*, 2005 WL 3541139, *4 (E.D. La. 2005); *Dorgan v. Foster*, 2006 WL 2067716, *5, (E.D. La. 2006), (citing *Dunn v. Nextel So. Corp.,* 207 F.Supp.2d 523, 524 (M.D. La. 2002)).
37591

*Complaint* is limited solely to her discrimination claim – the only alleged violation contained in the Plaintiff's charge.[74] Because Plaintiff's Louisiana law claims are based upon her EEOC charge, Defendants could not have been given notice relating to her harassment and retaliation claims, as is required under La. R.S. 303(c), because these claims were not contained in her EEOC complaint.

Plaintiff contends she provided notice to Defendants regarding the retaliation and harassment claims because they "attempted and participated in conciliation with Plaintiff at the EEOC, in order to resolve all of her claims."[75]  In a letter dated November 24, 2014, the EEOC stated, "[m]ediation is offered as an alternative to the often lengthy investigative process traditionally used to determine the merits of charges of discrimination filed with the Commission."[76] As discussed above *in extensio*, the only claim made by Plaintiff in her EEOC charge was a claim for discrimination. While the Court maintains ancillary jurisdiction over Plaintiff's Title VII retaliation claim per the *Gupta* exception, to maintain a valid retaliation claim under Louisiana law, however, Plaintiff must provide Defendants with "separate written notice"[77] of her retaliation claim before she instituted this suit.

The United States District Court for the Western District in Louisiana in *Lombardino v. Brentwood Health Management L.L.C.* held:

> [the Louisiana Employment Discrimination statute [La. R.S. 23:301 *et seq.*]] does not expressly provide for a penalty in the event of noncompliance with its procedural provisions. Nonetheless, other courts addressing this issue have determined that a claim under the LEDL must be dismissed if the plaintiff fails to satisfy the notice requirements, unless she

---

[74] Rec. Doc. 17-1, p. 25.
[75] Rec. Doc. 21, p. 3.
[76] Rec. Doc. 17-1, p. 28.
[77] *Mayes v. Office Depot, Inc.*, 292 F.Supp.2d 878, 889 (W.D. La. Sep. 19, 2003).
37591

has filed a charge with the EEOC within the requisite time period.[78]

Because the Plaintiff's EEOC charge only contained a claim of discrimination and not harassment or retaliation, her EEOC charge could not provide notice to Defendants of Plaintiff's state law retaliation and harassment claims.  Like the plaintiff in *Lombardino*, Plaintiff herein "has failed to provide any additional information which would demonstrate that she gave written notice to [Defendant] or that she made a good faith effort to resolve the issues [her harassment and retaliation claims] before initiating suit."[79]  With the absence of information that Plaintiff provided notice of her retaliation and harassment claims before filing this suit, the Court finds that Plaintiff has failed to satisfy the requirements of La. R.S. 23:303(C).  Plaintiff's Louisiana state law harassment and retaliation claims are procedurally time barred and are DISMISSED without prejudice,[80] but her Louisiana state law discrimination claim is not time barred and, therefore, properly remains before the Court.  Accordingly, Defendants' *Motion* is GRANTED in part and DENIED in part.

### F.  Plaintiff's Claim Against the Board of Commissioners

Defendants argue Plaintiff's claims against the Board of Commissioners ("Board") should be dismissed because "nowhere in the *Complaint* does Plaintiff set forth any factual allegations that they engaged in any wrongful or unlawful conduct."[81]  The *Complaint* alleges the "[Board] had 'absolute control and authority over' the West

---

[78] *Lombardino v. Brentwood Health Management L.L.C*, 15-cv-1358, 2005 WL 2600439 at *2 (W.D. La. Oct. 13, 2005)(*See Dunn v. Nextel South Corp.*, 207 F.Supp. 2d 523, 524 (M.D. La. 2002); *see also Trahan v. Lowe's Inc.*, 2002 WL 1560272 at *5 (E.D. La. 2002).
[79] *Id.* at *3.
[80] The Court need not address Plaintiff's arguments regarding La. R.S. 23:303(D) as Plaintiff is still required to provide notice in accordance with La. R.S. 23:303(C) to avail herself of La. R.S. 23:303(D).
[81] Rec. Doc. 10-1, p. 14.

Feliciana Parish Hospital."[82] Viewing Plaintiff's allegations in the light most favorable to her, Plaintiff's allegations against the Hospital "can also be construed as allegations against the [Board]."[83]

Thus, the motion to dismiss is DENIED as to the Board.

### III.  CONCLUSION

For the foregoing reasons, Defendant's *Motion to Dismiss for Failure to State a Claim*[84] is GRANTED in part and DENIED in part.

**IT IS SO ORDERED.**

Signed in Baton Rouge, Louisiana on March 22, 2017.

_____
**JUDGE SHELLY D. DICK
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA**

---

[82] Rec. Doc. 1, p. 2.
[83] *Williams v. Hospital Service Dist. of West Feliciana Parish, La.*, 15-cv-00095, 2015 WL 4656910 at *5 (M.D. La. Aug. 5, 2015).
[84] Rec. Doc. 10.
37591